THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:12-cr-00005-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| RICHARD DANIEL BIRD, II, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Redact and Seal [Doc. 37].

The Defendant, through counsel, moves the Court for leave to file an unredacted Sentencing Memorandum [Doc. 36], as well as Medical Records [Docs. 36-3, 36-4], under seal in this case. For grounds, counsel states that the redacted portions of the memorandum and the medical records contain sensitive and protected health information within the meaning of the Health Information Portability and Accountability Act ("HIPPA") and the public's right to access is substantially outweighed by the Defendant's competing privacy rights. [Doc. 37].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable

opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on November 5, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing his motion, the Defendant also filed a redacted version of the memorandum that is accessible to the public. [See Doc. 37-1]. Further, the Defendant has demonstrated that the redacted portions of the memorandum and the medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the unredacted Sentencing Memorandum and the Medical Records is necessary to protect the Defendant's privacy interests.

Upon review of the Defendant's unredacted Sentencing Memorandum and the Medical Records, the Court finds that the unredacted portions of the Sentencing Memorandum and the Medical Records contain case material and information of the nature that is ordinarily sealed and appropriate to be shielded from public access. See United States v. Harris, 890 F.3d at 492.

Accordingly, the Defendant's Motion to Seal is granted, and counsel shall be permitted to file an unredacted Sentencing Memorandum and the Medical Records under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Redact and Seal [Doc. 37] is **GRANTED**. The unredacted Sentencing Memorandum [Doc. 36] and Medical Records [Docs. 36-3, 36-4] shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: November 18, 2020

Martin Reidinger
Chief United States District Judge